## LILLARD v. SOUTHWESTERN BELL TEL. CO.

### No. 6641.

United States District Court
W. D. Missouri, W. D.

Dec. 15, 1950.

———◆———

Sam M. Wear, U. S. Atty., Harry F. Murphy, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Watson, Ess, Whittaker, Marshall & Enggas, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This is an action authorized by Section 308, Title 50 U.S.C.A.Appendix, relating to the general subject of Selective Training and Service under the War Powers Act of the Congress. Such provision favors those who have been inducted into the military service of the government by assuring to them reemployment upon their honorable discharge from such service. By paragraph (b) of said section it is provided as follows:

"(b) In the case of any such person who, in order to perform such training and service, has left or leaves a position, *other than a temporary position,* (emphasis mine) in the employ of any employer and who * * * (3) makes application for reemployment within forty days after he is relieved from such training and service—
"(A) * * *
"(B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay * * *."

It appears from the complaint filed by the plaintiff that, when employed by the defendant before his induction into military service on October 17, 1944, he was required by the employer to sign an acknowledgment that "his employment is on a tem-

porary basis." The reason for this requirement was set forth in the document signed by the plaintiff and was to the effect that the defendant was obliged to "give consideration to its obligations under the Selective Training and Service Act to reemploy its regular employees who have entered the United States Armed Forces." Otherwise, plaintiff was afforded the exact status of a regular employee.

Upon plaintiff's return from military duties he was reemployed by the defendant and such employment has continued until he re-entered the military service. After his reemployment negotiations were conducted in his behalf by the U. S. District Attorney or one of his assistants, as provided by paragraph (e) of said Section 308. This official, as provided by said section was "reasonably satisfied" that the plaintiff was entitled to the benefits claimed by him, and an "amicable adjustment" of the claim was temporarily made. By this adjustment it is averred the plaintiff was reclassified by the defendant and by such reclassification the arrangement of temporary employment dated October 17, 1944 was in effect annulled so that the plaintiff was placed in the precise position of a regular employee being inducted into military service and claiming all of the benefits provided by said paragraph (b) of said section.

The defendant seeks to strike out paragraphs 7 and 8 of the complaint relating to the reclassification whereby the acknowledgment of a temporary basis in plaintiff's employment was annulled. The defendant seeks to strike such paragraphs, on the ground that it involved a compromise and adjustment of a claim. This contention is untenable for the reason that by such negotiations defendant gave the plaintiff the exact status of a regular employee going to war. When it did that, it vouchsafed to him all of the benefits provided for in said section 308. Moreover, it was proper for the plaintiff to plead this reclassification for the reason that the burden was upon him to overcome the provisions of Section (b) which only vouchsafes the right to an employee leaving a position "other than a temporary position."

The ruling of the court, therefore, must be adverse to the contention and the defendant's motion should be overruled.

The United States District Attorney, acting for the plaintiff as required by said paragraph (e) of said section by a proper application seeks to have other employees in like status joined as plaintiffs. The application uses the words "to interplead or intervene." Perhaps a better wording would have been "to join as parties plaintiff."

Rule 20, Federal Rules of Civil Procedure, 28 U.S.C.A., provides for a "permissive joinder." The language of the rule is that: "All persons may join in one action as plaintiffs if they assert any right to relief *jointly, severally,* (emphasis mine) or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences *and if any question of law or fact common to all of them will arise in the action.*" (Emphasis mine.)

In the application it appears that other employees were restored to their positions in a series of transactions or occurrences and that a "question of law or fact common to all of them will arise in the action". It therefore seems appropriate that other employees claiming identical or similar status should be permitted to join as plaintiffs. This will not work a hardship upon either the plaintiffs or the defendant for the reason that it is provided by paragraph (b) of said Rule 20, to save embarrassment and confusion the court "may order separate trials or make other orders to prevent delay or prejudice." This rule is particularly applicable in this case for the reason that the Congress contemplated expedition in disposing of controversies of this kind. Note this language in paragraph (e) of said section 308: " * * * the district court of the United States for the district in which such private employer maintains a place of business shall have power, upon the filing of a motion, petition, or other appropriate pleading by the person entitled to the benefits of such provisions, to specifically require such employer to comply with such provisions, and, as an incident thereto, to compensate such

person for any loss of wages or benefits suffered by reason of such employer's unlawful action. The court shall order a speedy hearing in any such case and shall advance it on the calendar." So great was the solicitude of the Congress in behalf of returning veterans that it made it the duty of the United States District Attorney to represent such claimant in cases such as this, and, moreover, it was provided further that "no fees or court costs shall be taxed against the person so applying for such benefits."

Under such circumstances it seems appropriate in the light of the law, that all persons in a similar status be permitted to join as plaintiffs in this proceeding, and it will be so ordered.